JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com

Kevin J. Stoops (*pro hac vice anticipated*)
kstoops@sommerspc.com
Charles R. Ash, IV (*pro hac vice anticipated*)
crash@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Attorneys for FERNANDO SALAZAR individually,
and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SALAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROSS COUNTRY LOGISTICS INC., a California Corporation; HOLLYWOOD DELIVERY SERVICE, INC., a California Corporation; RESTORATION HARDWARE, INC., a California Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'18CV0675 JM   BLM**<br>ASSIGNED FOR ALL PURPOSES<br>To JUDGE:<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1)  Failure to Pay Minimum Wages**<br><br>**(2) Failure to Provide Meal Periods;**<br><br>**(3) Failure to Authorize and Permit Paid Rest Periods;**<br><br>**(4) Failure to Timely Pay Wages;**<br><br>**(5) Failure to Indemnify Necessary Business Expenses;**<br><br>**(6) Unfair Competition; and** |

**(7) Failure to Pay Minimum Wages (F.L.S.A)**

**DEMAND FOR JURY TRIAL**

COMES NOW FERNANDO SALAZAR ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against Defendants CROSS COUNTRY LOGISTICS, INC., a California Corporation; HOLLYWOOD DELIVERY SERVICE, INC., a California Corporation, RESTORATION HARDWARE, INC., a California Corporation, and DOES 1-10, inclusive, (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1.     The United States District Court for the Southern District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2.     This Court has personal jurisdiction over the Defendants because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3.     Venue is proper in the Southern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the City of San Diego, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct

**CLASS ACTION COMPLAINT**

effect on Plaintiff and those similarly situated within the State of California and within San Diego and elsewhere in California. Defendants employ numerous Class Members throughout California.

4. Defendants are corporations engaged in the home furnishing and delivery services business for customers throughout the United States, including California. Defendants are doing business in San Diego, California, and operating at various offices and locations throughout the state of California. On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees within the City of San Diego and throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5. On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendants consistently maintained and enforced against Defendants' Non-Exempt Employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws: (a) failure to pay minimum wages; (b) failing to provide meal periods; (c) failing to authorize and permit paid rest periods; (d) failing to pay all wages earned upon separation from Defendants' employ; (e) failure to indemnify necessary business expenses; (f) violations of the California Unfair Competition laws; and (g) failure to pay minimum wages in violation of the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq.* ("FLSA").

6. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay at least minimum wage for all hours worked.

7. On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to

**CLASS ACTION COMPLAINT**

provide its Non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

8.    On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

9.    Plaintiff on behalf of himself and all Class Members bring this action pursuant to Labor Code sections 201, 202, 203, 226.7, 512, 558, 1194, and California Code of Regulations, Title 8, section 11040 *et. seq.*, applicable IWC Wage Orders, seeking unpaid minimum wages, seeking rest and meal period compensation, reimbursement of expenses, penalties, and other equitable relief, and reasonable attorneys' fees and costs.

10.    Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200 *et seq.*, also seek restitution for all benefits Defendants enjoyed from their failure to pay minimum wage, failure to pay rest and meal period compensation, failure to reimbursement expenses, and failure to pay all wages earned upon separation from Defendants.

11.    Plaintiff, on behalf of himself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor and Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA").

## PARTIES

12.    Plaintiff Salazar is and at all times mentioned in this complaint a

**CLASS ACTION COMPLAINT**

resident of Bloomington, California and was employed by Defendants as an hourly non-exempt employee, with the title of Driver, from March 2015 until his separation in approximately March 17, 2016.

13.    Defendants Cross Country Logistics, Inc., and Hollywood Delivery Service, Inc., operate as logistics and delivery companies that service various retail customers, throughout California, including Defendant Restoration Hardware.

14.    Defendant Restoration Hardware, Inc., is a home furnishing company which produces and sells various furniture items to commercial and residential clientele across the United States, including California.

15.    Plaintiff is informed and believes, and thereon alleges that each Defendant was engaged in a joint enterprise and operated as equal and joint employers which oversaw and controlled all aspects of Plaintiff's employment.

16.    Plaintiff is informed and believes, and thereon allege, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

17.    Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

18.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of

- 4 -

**CLASS ACTION COMPLAINT**

the Doe Defendants have been ascertained.

19.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

20.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## CLASS ACTION ALLEGATIONS

21.     Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, typicality, commonality, adequacy, predominance, and superiority requirements of those provisions.

22.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure 23.

23.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

**CLASS ACTION COMPLAINT**

24.    The proposed class and subclasses are comprised of and defined as follows:

> **California Class:** Any and all persons who are or were employed as non-exempt driver employees   or equivalent or related positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

Plaintiff's proposed subclasses are comprised of and defined as:

> **Sub-Class 1:** All Class Members who have been employed by Defendants in non-exempt positions within the State of California at any time between April 2015 and the present and have separated their employment. (hereinafter collectively referred to as the "Waiting Time Subclass").

> **Sub-Class 2:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice  Subclass").

25.    The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes.  Plaintiff reserves the right to amend the definitions of the Class and Subclass(es) if necessary. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

26.    There is a well defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

a.    <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    <u>Typicality</u>:    Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with

**CLASS ACTION COMPLAINT**

whom Plaintiff has a well defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions.  All members of the Class and/or Subclasses have been similarly harmed by not being paid minimum wages, provided meal periods or permitted authorized paid rest periods, were not provided timely payment of wages upon separation, and were not reimbursed business expenses incurred,  due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.   Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

c.    Adequacy:    Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass(es) if needed.

d.    Superiority:   The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the

- 7 -
**CLASS ACTION COMPLAINT**

impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.

e. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

f. <u>Commonality</u>: There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

i. Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii. Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders, by failing to provide daily paid rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iii. Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days they worked work periods in excess of six hours and failing to compensate said employees one hour wages in lieu of meal periods;

iv. Whether Defendants reimbursed work related expenses for use of personal cell phones pursuant to Labor Code sections 2802 and applicable IWC Wage Orders;

v. Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to Labor Code

sections 1174.5 and the applicable IWC Wage Orders;

vi.      Whether Defendants violated section 17200 *et seq*. of the Business and Professions Code by failing to pay minimum wages, failing to provide rest and meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided, failing to reimburse business expenses; and failing to keep accurate records;

vii.     Whether Defendants violated Business and Professions Code and Labor Code sections 226.7, 512, 558, 1174.5, 1175, 1194, 1197, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Business and Professions Code section 17200, et. seq.;

ix.      Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197; and

x.       The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## **COLLECTIVE ACTION ALLEGATIONS**

27.     Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

28.     Plaintiff further bring this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et. seq.,* ("FLSA") on behalf of a **Collective Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

All non-exempt drivers of Defendants, in the State of California from March 2015 to the present who both (a) have at least one Workweek for which they were not paid minimum wage for all hours worked, as reflected in Defendants' payroll records, during the time period between April 2015 and through the present, and (b) opt in to the proposed FLSA collective action by

**CLASS ACTION COMPLAINT**

consenting to join.

29.    Plaintiff alleges that during the Relevant Time Period, he is and was:

    a.   An individual who resides in the County of San Bernardino and the State of California;

    b.   Employed as a non-managerial call-center worker for Defendants in the State of California, within the three years preceding the filing of the complaint here;

    c.   Worked more than 40 hours in a given week;

    d.   Did not receive overtime compensation for all hours worked over 40 hours in any given week;

    e.   Is a member of the Collective Class as defined in paragraph 26 in this Complaint; and

    f.   Plaintiff has consented to join the action.

30.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the Collective Class overtime premiums for all hours worked in excess of 40 hours per workweek.

31.    Defendants failed to properly maintain timekeeping and payroll records pertaining to the Collective Class under the FLSA, 29 U.S.C. 211(c).

32.    Defendants' unlawful conduct was widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

33.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt employees or related positions with similar job duties, however titled, throughout the state of California.

34.    Defendants employed Plaintiff as a "non-exempt employee" with the title of Driver, during the liability period until his separation in approximately March 2016. In his capacity, Plaintiff performed duties related to Defendants' logistics and delivery services of various home furnishing items to various commercial and residential customers, throughout California, which include but are not limited to the following cities: Los Angeles, Orange, Santa Barbara, San Diego,

**CLASS ACTION COMPLAINT**

Santa Maria, Santa Ynez, and Riverside.

35.    On information and belief, and during the relevant time frame, Defendants implemented a uniform set of policies and practices to all non-exempt drivers.

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

37.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon a flat wage of $120 to $150 a day, no matter how many hours Plaintiff and Class Members may work in a given work day.

38.    During the relevant time frame, Defendants failed to pay at least minimum wages to Plaintiff and Class Members by failing to pay for all hours worked as Plaintiff and Class Members frequently worked fifteen (15) to twenty (20) hour shifts from Monday through Sunday beginning as early as 4:00 a.m. and concluding as late as 12:00 a.m. the following work day, and would have to return to work only a few hours later to start their next day's shift.

39.    During the relevant time frame, Plaintiff, and on information and belief, Class Members were regularly required to work in excess of six (6) hours per day without Defendants providing them a timely, uninterrupted (30) minute meal period as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders. Plaintiff and Class Members were not provided lawful meal periods and/or were not provided meal periods within the legally required time frame as Plaintiff as Class Members were never able to take a lunch as Defendants demanded that Plaintiff and Class Members fulfill their deliveries on time at the expense of their lunches. In fact, Defendants would constantly call Plaintiff and Class Members throughout the day to ensure they were always on the move to the next delivery and would reprimand

**CLASS ACTION COMPLAINT**

Plaintiff and Class Members for stopping even for the briefest of moments, preventing Plaintiff and Class Members the opportunity to take a lawfully required meal period.   Despite these realities, Plaintiff and Class Members were not provided with one hour of wages in lieu thereof. On information and belief, Plaintiff and the Class did not waive any of their authorized and required meal periods, nor did they receive one hour of regular pay for each day Defendants failed to provide a lawful meal period.

40.    During the relevant time frame, Plaintiff, and on information and belief the Class Members were also systematically denied second meal periods despite having worked a total of fifteen (15) hours or more in a day. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods were not provided within the legally required time frames.

41.    During the relevant time frame, Plaintiff, and on information and belief the Class Members were consistently required to work in excess of four (4) hours (or major fraction thereof) without receiving lawful paid ten (10) minute rest periods.   The Class Members were also not provided with one hour wages in lieu thereof.   Plaintiff and the other Class Members were systematically denied their paid rest breaks due to the demands placed upon them by Defendants as discussed above.  Defendants' policies and practices included Defendants' implementation of a work schedule and workload requirements that denied and failed to authorize and permit the Class all of their entitled paid rest periods, including first rest periods of at least ten (10) minutes for every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a third rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where rest breaks were

**CLASS ACTION COMPLAINT**

not provided, or not provided within the legally required time frames.

42.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wage compensation, and premium wages including but not limited to Labor Code §§201-203, 226.7, 512, 558, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular wages and not paid all meal and rest period premiums due.

43.    On information and belief, during the relevant time frame, Defendants failed to adequately reimburse Plaintiff and Class Members for business expenditures incurred for the use of personal cellphones as Plaintiff and Class Members used their personal cellphones to stay in constant contact with Defendants to get updates on their delivery routes and to call Defendants' various customers in order to confirm delivery information. Plaintiff and Class Members also used their cell phones for navigation purposes when making their deliveries as their personal cell phones were the only navigation devices they had. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties pursuant to Labor Code § 2802.

44.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

45.    Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 *et seq.*

///

///

**CLASS ACTION COMPLAINT**

# CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION  FOR FAILURE TO PAY MINIMUM WAGES

### (On Behalf of the California Class Against All Defendants)

46.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

47.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

48.     At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.  Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged.

49.     During the relevant time period. Plaintiff and on information and belief, Class Members were not paid for all hours worked as Plaintiff and Class Members were paid a flat wage of $120 to $150 a day even though Plaintiff and Class Members consistently and on a regular basis worked shifts of fifteen (15) to twenty (20) hours a day. Despite this reality, Defendants' policies and practices failed to pay wages for all hours worked, as required pursuant to Labor Code §§ 200, 1194, and 1197.

50.     Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Code §§ 558, 1194, 1197 and liquidated damages in an

**CLASS ACTION COMPLAINT**

amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2

## SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS

### (On Behalf of the California Class Against All Defendants)

51.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

52.    Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

54.    Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free meal periods, and/or not provided meal periods within the required time frames, or the legally required length of times.

**CLASS ACTION COMPLAINT**

55.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their non-exempt positions, however titled, meal breaks of not less than thirty (30) minutes and not provided meal periods within the required time frames, pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants.  Plaintiff and Class Members were not provided lawful meal periods and/or were not provided meal periods within the legally required time frame as Plaintiff as Class Members were never given the opportunity to take a lunch as Defendants would constantly call Plaintiff and Class Members to check on them and to ensure that they were constantly moving to their next delivery destination.  Defendants further failed to provide second meal breaks of not less than thirty (30) minutes after a work period of ten (10) or more hours per day and to provide meal periods within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, for Plaintiff and Class Members were required to work 15 or more hours daily as a direct consequence of the demands placed on them by defendant to complete their deliveries. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

56.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

57.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided and  not provided within the required time frames.

## THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

### (On Behalf of the California Class Against All Defendants)

58.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

**CLASS ACTION COMPLAINT**

59.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

60.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, Defendants failed permit and authorize Plaintiff and Class Members, in their roles as non-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

61.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required paid rest periods and/or failed to permit and authorize Plaintiff and Class Members paid rest periods free from all work related duties pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants and Labor Code §226.7as Defendants created a work environment which discouraged Plaintiff and Class Members from taking their lawfully required paid rest breaks. For instance, if Plaintiff and Class Members attempted to take a rest breaks, it would be interrupted as Plaintiff and Class Members were instructed to forego their rest breaks in order to ensure all deliveries were timely. Defendants would also reprimanding Plaintiff

**CLASS ACTION COMPLAINT**

and Class Members if Defendants learned they were not moving to their next delivery destination as Defendants prioritized the timely deliveries of the merchandise at the expense of Plaintiff's and Class Members' rest breaks. As a result of the demands placed upon them by Defendants' managers in order for the Plaintiff and Class members to meet their delivers, Plaintiff and Class Members were never authorized and permitted paid rest breaks or authorized and permitted a duty free paid rest break.

62.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

63.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

## FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES
### (On Behalf of the California Class Against All Defendants)

64.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

65.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

66.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

67.    During the relevant time period, Defendants willfully failed and

**CLASS ACTION COMPLAINT**

refused, and continues to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include minimum wages for all work performed. Defendant also willfully failed and refused, and continue to willfully fail and refuse to pay Plaintiff and Class Members meal and rest break premiums due and owing. *See Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal. 4th 1094, 1114 (2007)(Concluding meal and rest break premiums are wages intended to compensate employees); *In re Autozone, Inc.*, 2016 U.S. Dist. LEXIS 105746 at * 24 (N.D. Cal. Aug. 10, 2016) (§ 203 penalties are available for wage payments under Cal. Lab. Code § 226.7). Upon Plaintiff's separation from Defendants employ on or about March 17, 2016, Defendant failed to pay these above wages within the time frame specified by Labor Code §§201-202 as Plaintiff has still not been compensated for all earned and unpaid wages.

68.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

69.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION FOR FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

### (On Behalf of the California Class Against All Defendants)

70.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

71.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on

**CLASS ACTION COMPLAINT**

information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as results of personal cell phone usage, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. For instance, Plaintiff and Class Members were required to use their personal cell phones to stay contact with Defendants while making their deliveries and were forced to use their cell phones to as navigation devices to navigate  their deliveries to the next destination. Plaintiff and Class Members also were required to contact customers regarding delivery issues. Such use of personal cell phones is a common occurrence, one in which Plaintiff and Class Members have not be reimbursed for.  Despite these realities of the job, Defendants failed to provide reimbursements for the use of personal cell phones to carry out their job duties.

72.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

73.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 226, and 2802.

## SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (On Behalf of the California Class Against All Defendants)

74.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

75.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce

**CLASS ACTION COMPLAINT**

important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

76. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

77. A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of failing to pay Plaintiff and Class Members minimum wages over the past four (4) years violates, including but not limited to, Labor Code §1194, and §1197 . Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks within the prescribed time frames or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7. *See Tomlinson v. Indymac Bank,* F.S.B., 359 F. Supp. 2d 891, 896 (C.D. Cal. 2005) (payments under Section 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: [B]oth are 'earned wages' and thus recoverable under the UCL.").

78. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

79. Pursuant to California Business and Professions Code §§17200, *et seq.,* Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

///

///

///

**CLASS ACTION COMPLAINT**

**SEVENTH CAUSE OF ACTION PURSUANT TO**

**FAILURE TO PAY MINIMUM WAGE ("FLSA")**

**(On Behalf of the Collective Class and the General Public Against All Defendants)**

80.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

81.    At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

82.    At all times relevant to this action, Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

83.    Plaintiff and the Collective Class, by virtue of their job duties and activities performed, are non-exempt employees.

84.    Plaintiff and the Collective Class have either  (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

85.    At all times relevant to this action, Plaintiff and the Collective Class were suffered to work without being paid at least minimum wage for all hours worked in violation of 29 U.S.C. §§ 206 *et. seq.*

86.    At all times relevant, Defendants compensated Plaintiff and the Collective Class a flat wage of $120 to $150 a day even though Plaintiff and the Collective Class frequently and consistently worked between fifteen (15) to twenty (20) hours a day, yet Defendants failed to pay these employees the federally mandated minimum wage compensation for all services performed.

87.    Plaintiff has consented to be joined in this action.

88.    Plaintiff therefore seeks damages in an amount equal to the unpaid minimum wages due and owing to the Collective Class, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C.

- 22 -

**CLASS ACTION COMPLAINT**

§ 216.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

## Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class and Collective Class;

3.   That Plaintiff be appointed as the representative of the Subclasses; and

4.   That counsel for Plaintiff be appointed as counsel for the Class, Collective Class, and Subclasses.

## On the First Cause of Action

1.   For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;

2.   For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;

3.   For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;

4.   For such other and further relief as the Court deems proper.

## On the Second Cause of Action

1.   For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.   For such other and further relief as the Court deems proper.

## On the Third Cause of Action

1.   For one (1) hour of premium pay for each day in which a required paid rest period was not provided; and

2.   For such other and further relief as the Court deems proper.

## On the Fourth Cause of Action

**CLASS ACTION COMPLAINT**

1.    For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper

On the Sixth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay overtime wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6.    For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.    For general damages as measured by unpaid minimum wages; liquidated damages, an equal amount to the unpaid minimum wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia*, 29 U.S.C. § 216 et. seq.; and

2.    For such other and further relief as the Court deems proper.

**CLASS ACTION COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

///

///

///

Dated: April 4, 2018                    Respectfully Submitted,

                                        JAMES HAWKINS APLC
                                        By:/s/ Gregory Mauro
                                        _____
                                        JAMES R. HAWKINS, ESQ.
                                        GREGORY MAURO, ESQ.

                                        James Hawkins, SBN 192925
                                        james@jameshawkinsaplc.com
                                        Gregory Mauro SBN 222239
                                        greg@jameshawkinsaplc.com
                                        JAMES HAWKINS, APLC
                                        9880 Research Drive, Suite 200
                                        Irvine, CA. 92618
                                        Tel: 949-387-7200

                                        Kevin J. Stoops (*pro hac vice anticipated*)
                                        kstoops@sommerspc.com
                                        Charles R. Ash, IV (*pro hac vice anticipated*)
                                        crash@sommerspc.com
                                        SOMMERS SCHWARTZ, P.C.
                                        One Towne Square, 17th Floor
                                        Southfield, Michigan 48076
                                        Telephone: (248) 355-0300

                                        Attorneys for Plaintiff FERNANDO SALAZAR and for Members of the Class and Collective Class